# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Tyrone D. Brock Jr.,                                    Case No. 3:14CV1075

             Plaintiff

        v.                                    **ORDER**

Carolyn W. Colvin,
  Acting Commissioner of Social Security,

             Defendant

This is a Social Security case in which the plaintiff, Tyrone Brock Jr., appeals the Commissioner's decision denying his application for benefits.

An administrative law judge found Brock suffered from two "severe impairments: post-operative degenerative disc disease with spinal stenosis and disc herniation, lumbar spine." (Doc.10 at 91). Nevertheless, the ALJ concluded without further elaboration that Brock's impairments did not meet or medically equal the severity of Listing 1.04(A), dealing with spinal disorders.

Pending is the Magistrate Judge's Report and Recommendation, which recommends affirming the Commissioner's decision. (Doc. 16).

The Magistrate Judge thought it "questionable" that the ALJ's analysis "suffices to support a finding that [Brock's] impairments did not meet Listing 1.04(A)." (Doc. 16 at 18). But the Magistrate Judge, looking to the whole of the ALJ's decision, concluded there was substantial evidence to support the ALJ's finding Brock did not meet or equal Listing 1.04(A).

Brock has filed an objection to the R&R, contending the ALJ's failure to explain why Brock did not meet or equal a listed impairment requires a remand. (Doc. 18).

In Social Security cases, the Commissioner determines whether a claimant is disabled and entitled to benefits. *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). My review "is limited to whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Id.*

Although it is the claimant's burden to establish, at the step three of the five-step disability-evaluation process, that he meets or medically equals a listed impairment, "[t]he ALJ must . . . provide articulation of step three findings that will permit meaningful review of those findings." *Peshek ex rel. N.R. v. Comm'r of Soc. Sec.*, 2014 WL 5684386, *13 (N.D. Ohio) (Wells, J.).

The Sixth Circuit "does not require a heightened articulation standard from the ALJ at Step Three of the sequential evaluation process." *Grohske v. Comm'r of Soc. Sec.*, 2012 WL 2931400, *3 (N.D. Ohio) (Baughman, J.). But the court of appeals has made clear the step-three "reasons requirement is both a procedural and substantive requirement, necessary in order to facilitate effective and meaningful judicial review." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).

In *Reynolds*, *supra*, 424 F. App'x at 415, the Sixth Circuit vacated an ALJ's decision after concluding the ALJ provided "[n]o analysis whatsoever . . . as to whether [the claimant's] physical impairments (all summed up in his finding of a severe 'back pain' impairment) met or equaled a Listing under section 1.00[.]"

The court explained:

In short, the ALJ needed to actually evaluate the evidence, compare it Section 1.00 of the Listing, and give an explained conclusion, in order to facilitate judicial review. Without it, it is impossible to say that the ALJ's decision at Step Three was supported by substantial evidence.

*Id.* at 416.

"Courts within this District have applied *Reynolds* and vacated and remanded cases where the ALJ provided only a conclusory statement and failed to conduct a meaningful step three analysis that compares the medical evidence to the applicable listing and provides an 'explained conclusion' as to why a claimant's impairments failed to meet or equal a listing." *Peshek*, *supra*, 2014 WL 5684386, at *13; *see also id.* (collecting cases).

Here, it is undisputed the ALJ provided only a conclusory statement that Brock's severe impairments did not meet or medically equal the severity of Listing 1.04(A).

It is also undisputed Brock suffers from two several spinal impairments. He presented evidence, moreover, consistent with a finding he meets or equals Listing 1.04(A): three MRIs showing recurrent central canal stenosis; chronic left and right radiculopathy causing pain and weakness; and decreased sensation in the lower extremities, resulting in reflex loss, decreased muscle strength, muscle weakness, and decreased sensation to touch.

In these circumstances, the ALJ's unexplained conclusion is insufficient to permit meaningful judicial review of her determination Brock's impairments do not meet or medically equal Listing 1.04. *McDaniel v. Comm'r of Soc. Sec.*, 2015 WL 458065, *8-9 (N.D. Ohio) (Burke, J.) ("conclusory, one-sentence statement" claimant did not meet or equal listed impairment "insufficient" to satisfy ALJ's duty re. Step 3 analysis); *Teel v. Comm'r of Soc. Sec.*, 2013 WL 6180302, *12 (N.D. Ohio) (Pearson, J.) ("Absent some analysis from the ALJ regarding the medical

observations and their relation to the criteria of Listing 1.04(C), this Court cannot meaningfully determine whether substantial evidence supports the ALJ's conclusion that Plaintiff's degenerative disc disease did not satisfy the Listing."); *Grohske*, *supra*, 2012 WL 2931400, at *3 ("This perfunctory recitation of the analytic formula, without any development, as required by *Reynolds*, of how particular items of record evidence do or do not match specific criteria of the listing, leaves the reviewing court without a basis for meaningful review, and ultimately precludes a finding that this decision was supported by substantial evidence.").

It may well be, as the Magistrate Judge recommended and the Commissioner urges, the evidence Brock introduced will prove insufficient to show he meets or equals a listed impairment.

But "an agency's action must be upheld, if at all, on the basis articulated by the agency itself." *Teel*, *supra*, 2013 WL 6180302, at *12. As the ALJ failed to articulate any basis for her conclusion at step three, a remand is required.

It is, therefore,

ORDERED THAT:

1.      Plaintiff's objection (Doc. 18) to the Magistrate Judge's R&R be, and the same hereby is, sustained;

2.      The Commissioner's decision be, and the same hereby is, vacated; and

3       The case be, and the same hereby is, remanded to the Commissioner of Social Security for further proceedings consistent with this order.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

4